IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MATTHEW WAYNE ROBINSON                                                                PLAINTIFF

v.                                               Civil No. 6:18-CV-06119

JAIL ADMINISTRATOR SARAH HANEY                                                     DEFENDANTS
and SHERIFF CHARLIE CALDWELL

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey a Court Order and Defendants' Motion to Dismiss.  (ECF No. 26).

### I. BACKGROUND

On June 10, 2019, Defendants filed a Motion to Compel seeking Plaintiff's executed medical authorization and other discovery responses.  (ECF No. 23).  On June 11, 2019, the Court entered an Order granting Defendants' Motion, and directing Plaintiff to provide Defendants with a response to their discovery requests, including a signed medical authorization form, by 5:00 p.m. on June 26, 2019.  (ECF No. 25).

On June 27, 2019, Defendants filed a Motion to Dismiss, stating Plaintiff had refused to comply.  In support of their Motion they attached a letter they received from Plaintiff on June 25, 2019, which states: "…I decline to answer any questions from you or have any more communication with you until the court orders me to.  However, once I hire an attorney, he will

1

be in touch with you." (ECF No. 26-1 at 2). Plaintiff also indicates he will be released from incarceration in a few weeks and will be seeking an attorney at that time. (*Id*. at 1).

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has expressly stated that he will not comply with the Court's Order directing him to provide the requested discovery, including a signed medical authorization form. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), I recommend that Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **2nd day of July 2019**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE